In the

# United States Court of Appeals

### For the Seventh Circuit

No. 11-1896

ANGELINA POVEY,

*Plaintiff-Appellant*,

*v.*

CITY OF JEFFERSONVILLE, INDIANA,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Southern District of Indiana, New Albany Division.
No. 4:09-CV-00161-RLY-WGH —**Richard L. Young**, *Judge*.

ARGUED FEBRUARY 10, 2012—DECIDED OCTOBER 4, 2012

Before RIPPLE and ROVNER, *Circuit Judges*, and
COLEMAN, *District Judge*.*

COLEMAN, *District Judge.* Angelina Povey injured her
wrist while working as an attendant at the City
of Jeffersonville ("Jeffersonville") animal shelter.
Jeffersonville ultimately terminated Povey's employ-

* The Honorable Sharon Johnson Coleman, District Judge for
the United States District Court for the Northern District of
Illinois is sitting by designation.

ment. Povey brought this action under 42 U.S.C. § 12101 alleging that her termination violated the Americans with Disabilities Act ("ADA"). The district court granted Jeffersonville's motion for summary judgment, finding that Povey does not qualify as "disabled" under the ADA. We affirm.

## I. BACKGROUND

As one of three adoption assistant/kennel attendants for the Jeffersonville animal shelter, Angelina Povey was responsible for cleaning the shelter, feeding and transporting the animals and assisting with animal adoptions. In addition to these duties, the job description for a kennel attendant noted that the position "may require the [employee] to lift objects heavier than 30 pounds for extended periods." Two or three adoption kennel attendants worked from Monday through Friday, one was assigned to work on Saturdays with the office manager and one worked alone on Sundays to tend to the animals. Given this schedule, Povey was required to work both Saturday and Sunday of every third weekend.

In October 2007, Povey injured her wrist moving a dog from one cage to another at the animal shelter. Povey reported her injury to her supervisor Harry Wilder ("Wilder"). Povey eventually had surgery on her wrist and underwent physical therapy to address the impairment through August 2008.

Shortly after Povey's injury, Kim Calabro ("Calabro"), Jeffersonville's Human Resources Director explained

to Wilder that since the animal shelter did not have light duty positions available there was no requirement to provide Povey with an alternative assignment. Wilder, however, allowed her to continue to work, but limited her duties to assignments in the cat room and the infirmary. He also exempted Povey from working weekends because it would entail cleaning the entire animal shelter alone, including some lifting of heavy objects. Consequently, her co-workers were forced to work weekends more frequently and began to complain about the change in their work schedules.

In May of 2008, Povey reported to Calabro that one of her co-workers, Louis Hancock, had begun to harass her because of her work restriction and the effect it had on his work schedule. An investigation by a human resources consultant concluded that Hancock was not illegally harassing Povey. Nevertheless, to avoid friction, the animal shelter required Povey and Hancock to work in separate locations at all times. Failing to comply with this arrangement by either Povey or Hancock could have led to their termination.

Despite the investigation and implementation of the separation policy, Povey reported that she felt harassment "behind her back" and filed a complaint against Hancock on August 8, 2008. During the same month, Jeffersonville received medical notice of Povey's permanent physical restrictions which prohibited repetitive hand movement and no lifting, pushing or pulling more than five pounds with her right arm.

After notice of the restrictions, Povey was placed on leave with pay to take effect on August 28, 2008. Jeffersonville officials discussed Povey's restrictions and abilities, and determined that Povey could not perform the essential functions of adoption kennel attendant. Povey's employment was terminated following the meeting.

Following her termination, Povey filed a discrimination claim with the EEOC and a complaint alleging two claims of discrimination under the ADA against the City of Jeffersonville. Povey asserted that Jeffersonville failed to accommodate her disability and subjected her to disparate treatment. Povey also claimed she was terminated in retaliation for her prior complaints of harassment and discrimination. Jeffersonville filed a motion for summary judgment as to both claims. The district court granted defendant's motion for summary judgment and dismissed Povey's claims finding that Povey failed to demonstrate that she was a qualified individual with a disability under the ADA. Specifically, the court found that Povey failed to present sufficient evidence to demonstrate that (1) her wrist injury impaired her from completing daily tasks; (2) her perceived impairment foreclosed her from accepting a broad range or class of jobs; (3) she was perceived unable to perform manual tasks; (4) she was a qualified individual as defined under the ADA and (5) she was terminated in retaliation for exercising her rights under the ADA.

## II. DISCUSSION

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). We review the district court's decision on summary judgment *de novo*, viewing the evidence in the light most favorable to Povey. *See Powers v. Holland*, 667 F.3d 815, 819 (7th Cir. 2011).

Povey argues that Jeffersonville terminated her employment in violation of the ADA, which prohibits discrimination against "a qualified individual with a disability because of the disability." 42 U.S.C. § 12112(a). The Act defines a "qualified individual with a disability" as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). To avoid summary judgment, a plaintiff must demonstrate a general issue of material fact as to whether she is disabled, whether she can perform the essential functions of the position and whether she has suffered an adverse employment action because of her disability. *Nese v. Julian Nordic Const. Co.*, 405 F.3d 638, 641 (7th Cir. 2005).

We must first consider whether Povey is disabled within the meaning of the ADA. *Miller v. Ill. Dept. of Trans.*, 643 F.3d 190, 195 (7th Cir. 2011). The ADA defines "disability" as (1) a physical or mental impairment that substantially limits one or more of the major life activities of the individual; (2) a record

of such an impairment; or (3) being regarded as having such an impairment. 42 U.S.C. § 12102(1). On appeal, Povey only claims that Jeffersonville regarded her as having a substantial impairment that limits her abilities in the major life activity of working.**

To meet the "regarded as" prong, the employer must believe, correctly or not, that the employee has an impairment that substantially limits one or more of the major life activities. *Cigan v. Chippewa Falls Sch. Dist.*, 388 F. 3d 331, 335 (7th Cir. 2004) (citing *Sutton v. United Airlines*, 527 U.S. 471, 489, 119 S.Ct. 2139, 2149-50, 144 L.Ed.2d 450 (1999)). Further, when the major life activity of working is at issue, an individual must be regarded as "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." *Powers v. U.S.F Holland, Inc.*, 667 F.3d 815, 820 (7th Cir. 2011) (quoting 29 C.F.R. 1630.2(j)(3)).

To demonstrate that she is substantially limited in the activity of working, Povey must provide "some proof of the 'number and types of jobs' within the 'geographical area to which the [claimant] has reasonable access.'" *EEOC v. Rockwell International Co.*, 243 F.3d 1012, 1018 (7th Cir. 2001) (citing *Sutton*, 527 U.S. at 492-93). This evidence does not have to be presented in quanti-

---

** Povey does not challenge the district court's findings that Povey's wrist injury did not constitute a disability under the ADA and that Jeffersonville did not regard her as substantially limited in her ability to perform manual tasks.

tative form, but does require the presentation of general employment demographics or the approximate number of jobs (e.g. 'few', 'many', or 'most') from which an individual would be excluded because of an impairment. *Rockwell Int'l,* 243 F.3d 1012, 1018.

Povey asserts that testimony from Jeffersonville officials indicating that she was not able to use her right hand or perform shelter work because of her lifting restrictions is evidence that Jeffersonville regarded her as disabled under the ADA's definition. Specifically, Povey points to Calabro's testimony that "Povey wasn't able to use her right hand" and Wilder's testimony that he believed that Povey's work restrictions prevented her from performing her job and that Jeffersonville did not have a job for someone with a permanent disability. Povey maintains that these statements demonstrate Jeffersonville's perception that she was substantially limited to perform any job involving manual labor and, therefore, are sufficient evidence from which a jury could conclude that Jeffersonville perceived her as excluded from a class of jobs.

Povey relies on *Armour v. Independent Limestone Co.,* 2000 U.S. Dist. LEXIS 16650 (S.D. Ind. Mar. 16, 2000) to support her argument. In *Armour,* the district court denied defendant's motion for summary judgment, holding that certain statements made by the company's president demonstrated that the plaintiff's employer perceived him as being unable to perform a broad range of jobs even without evidence of the

actual number of jobs in the relevant geographical area. *Id*. at *13-16. The court described the employer's statements as "sweeping," and thereby excluding the plaintiff from other classes of jobs beyond those at the company. Therefore, the court found that the president's statements alone were sufficient to allow a jury to conclude that the plaintiff's employer regarded the plaintiff as disabled under the ADA. *Id*.

Povey's situation is distinguishable from *Armour.* Here, none of the statements made by Calabro and Wilder are so "sweeping" as to exclude Povey from a broad class of jobs. Calabro's and Wilder's statements were made in response to questions regarding Povey's abilities to complete tasks specific to the Jeffersonville animal shelter. For example, Calder's testimony that Wilder told her that Povey "couldn't do a whole lot of anything" was directly in response to a question regarding what he specifically said she could not do related to duties in the animal shelter facility. Wilder's statement that Jeffersonville, "did not have a job for that" was also in response to a specific question regarding whether Povey could continue to perform her job at the animal shelter given her permanent restrictions. It is clear that, when taken in context, the statements only refer to Povey's abilities to work within the animal shelter. The fact that Jeffersonville viewed Povey as unable to perform the tasks required at the Jeffersonville animal shelter tells us nothing about Jeffersonville's perception of her abilities to perform a broad range of jobs. *See Squibb v. Memorial Ctr*., 497 F.3d 775, 782 (7th Cir. 2002) ("A demonstrated 'inability to perform a

single, particular job' does not render an individual substantially limited in the major life activity of working.") Even viewing the facts in the light most favorable to the non-moving party, the statements presented do not constitute facts from which a jury can reasonably conclude that Jeffersonville regarded Povey as disabled under the ADA.

Having failed to meet her burden to demonstrate that she was disabled under the ADA, Povey is not protected by its provisions. Therefore, the Court need not review Povey's reasonable accommodation claim. *See Id.* at 786. Without evidence that Povey is disabled, Povey cannot survive summary judgment on her disparate treatment and failure to accommodate claims under the ADA.

Povey also argues that the district court erred in granting Jeffersonville summary judgment with respect to her ADA retaliation claim. The ADA prohibits employers from retaliating against employees who assert their right under the act to be free from discrimination. 42 U.S.C. § 12203(a). "Employers are forbidden from retaliating against employees who raise ADA claims regardless of whether the initial claims of discrimination are meritless." *Dickerson v. Bd. of Education*, 657 F.3d 595, 602 (7th Cir. 2011). In a discrimination action, a plaintiff can establish a valid case of retaliation using either the direct or indirect method of proof. *Kersting v. Wal-Mart Stores, Inc.* 250 F.3d 1109, 1117 (7th Cir. 2001). Povey attempts to establish a claim of ADA retaliation under the direct method of proof. Under the direct

method, to prove retaliation, the plaintiff must offer evidence that: (1) she engaged in statutorily protected activity; (2) the defendant subjected her to an adverse employment action; and (3) a causal connection existed between the two events. *Id.* There is no dispute that Povey complained to Calabro about her co-worker Hancock making continuous harassing comments about her wrist impairment and that plaintiff's termination constitutes an adverse employment action. The dispute is whether there is a causal connection between the two events.

Povey contends that the circumstantial evidence she presented is sufficient for a jury to find a causal connection between her complaints of harassment and her termination. First, Povey argues that the timing of her discharge was suspicious, occurring just three weeks after her third harassment complaint. Second, Povey testified that Wilder threatened her job by informing her that "he had no problem firing employees." Lastly, Povey contends that Jeffersonville's actions surrounding her discharge, including: holding a meeting about her termination that failed to include a person familiar with her job responsibilities, failing to meet with her in person to explain her termination and failing to offer her an accommodation as a result of her permanent restriction, suggest a causal connection between her complaints and termination.

The mere fact that Jeffersonville terminated Povey three weeks after a complaint, by itself, is not sufficient to create a genuine issue of material fact to support a retalia-

tion claim. *See Turner v. The Saloon, Ltd.*, 595 F.3d 679, 687 (7th Cir. 2010). Additionally, there is no evidence to suggest that Wilder's remark, that he had no problem firing employees, motivated the decision to terminate Povey. *See Fuka v. Thompson Consumer Elecs.*, 82 F.3d 1397, 1403 (7th Cir. 1996). Lastly, Jeffersonville's alleged failures in relation to the manner in which it terminated Povey are unrelated to her harassment complaint and Jeffersonville was under no obligation to provide her with a reasonable accommodation for her impairment or engage in a face-to-face meeting or any interactive process to address her abilities to perform her job because Povey is not disabled under the ADA. These facts are insufficient to establish a nexus between her termination and her protected activity. Accordingly, Jeffersonville is entitled to summary judgment on Povey's retaliation claim.

   For the reasons stated herein, we affirm the granting of defendant's motion for summary judgment dismissing each of plaintiff-appellant claims.

AFFIRMED.